# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1663V
(not to be published)

| | |
|---|---|
| ANNE JACQUELINE KITE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: April 17, 2023<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs; Hourly Rates; Paralegal Tasks; Excessive Billing; Block Billing |

*Elaine Whitfield Sharp*, Whitfield Sharp & Sharp, LLC, Marblehead, MA, for Petitioner.

*Jennifer Leigh Reynaud*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On October 29, 2018, Anne Jacqueline Kite filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine that was administered to her on December 3, 2016. Petition at 1. On February 22, 2022, a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 59.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On November 13, 2022, Petitioner filed an untimely Motion for Attorney's Fees and Costs (83 days beyond the 180 day post-judgment timeframe for seeking fees). ECF No. 64. Petitioner requests an award of $47,797.18 (representing $47,345.00 in fees and $452.18 in costs). Petitioner is also requesting the amount of $4,765.64 (representing $4,134.00 in fees and $631.64 in costs) for prior counsel, Leila Kilgore, and the amount of $2,160.00 in expert costs incurred by Neville Lee, PhD. *Id.* at 1. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out of pocket expenses. ECF No. 64-7. Respondent reacted to the motion on November 28, 2022, and "defers to the Court as to whether petitioner's fee application should be denied as untimely". ECF No. 65 at 3. Respondent defers a resolution of the amount to be awarded at the Court's discretion. *Id.* Petitioner did not file a reply thereafter.

Petitioner filed an (also untimely) motion as "First Motion for Extension of Time until 11/23/22 to file fees and costs petition *untimely due to illness of counsel in the past six months*" on December 19, 2022. ECF No. 66. I ordered counsel to substantiate the basis for her untimeliness, and she filed material in response on February 22, 2023,. ECF No. 68. Upon review of documentation submitted, I find counsel's reasoning for the delay to be reasonable in this instance.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reason listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## TIMELINESS OF FEES MOTION

Vaccine Rule 13 provides that a request for fees and costs must be filed within 180 days after judgment is entered. RCFC, Vaccine Rule 13(a). In this case Petitioner filed her motion for attorney's fees and costs on November 13, 2022, *eight months* after judgment entered on February 23, 2022 – meaning it was 52 days late. Petitioner later filed a motion for extension of time to act, but did so over one month after the motion for fees was filed – making the extension request untimely as well.

This is cause *by itself* to deny Petitioner's request for fees and costs in the entirety, as Respondent recommends. ECF No. 65 at 3. However, I will award attorney's fees and costs in this matter, despite the fact that Petitioner's request is facially untimely, because Petitioner has provided a reasonable explanation for her late filing, and thus demonstrated excusable neglect. *See, e.g.,* RCFC 6(b)(1)(B). In finding Petitioner's explanation for her delay reasonable, I have given weight to the fact that her counsel provided adequate documentation supporting her claims of health issues that happened to her while overseas. ECF No. 68.

Nevertheless, counsel should not expect that the rules will be similarly "bent" for future fees requests. Any future requests for fees and costs that are untimely filed, or requests for extensions that *themselves* are untimely, will be denied in the entirety.

## ATTORNEY FEES

A. <u>Hourly Rates</u>

i.      Elaine Whitfield Sharp

Petitioner is requesting the following rates for attorney Elaine Whitfield Sharp: $423 per hour for 2018; $456 per hour for 2019; $484 per hour for 2020; $509 per hour for 2021 and $525 per hour for 2022. ECF No 64-1 at 2 – 32. Ms. Sharp has been a licensed attorney since 1987, placing her in the range of attorneys with over 31 years' experience.[3] Ms. Sharp has had several previous cases in the Vaccine Program; however, her last hourly rate was established since 2017, in which she was awarded $400 per hour. *See Sclafani v. Sec'y of Health & Human Servs.,* 16-737V, 2017WL5381271 (Fed. Cl. Spec. Mstr. Oct 11, 2017). I find adjustments are needed to the requested rates.

The requested rates are all within the Vaccine Program's published range for attorneys at her level of overall experience, albeit on the highest end of the range. Rates on the highest end of the experience ranges are usually awarded to those attorneys with significant experience in the Vaccine Program. Ms. Sharp has ample experience as an attorney, and in Vaccine Program, but I nevertheless deem the rates somewhat higher than appropriate herein (especially given the length of time since her last rate was determined). I shall therefore reduce Ms. Sharp's hourly rates to the following: $410 per hour for 2018; $425 per hour for 2019; $445 per hour for 2020; $470 per hour for 2021; and $495 per hour for 2022. Application of these rates reduces Petitioner's request for attorney's fees in the amount of **$2,986.72**.[4]

ii.      Leila Kilgore

Petitioner is requesting a total of $4,134.00 in time billed by prior counsel, Leila Kilgore. ECF No. 64-2. I find the overall total of this request to be reasonable and shall award it in full.

---

[3] https://www.avvo.com/attorneys/01945-ma-elaine-sharp-1919829.html.

[4] This amount is calculated as follows: ($423 - $410 = $13 x 14.3 hrs = $185.90) + ($456 - $425 = $31 x 16.4 hrs = $508.40) + ($484 - $445 = $39 x 33.38hrs = $1,301.82) + ($509 - $470 = $39 x 21.40 hrs = $834.60) + ($525 - $495 = $30 x 5.2hrs = $156) = $2,986.72.

B.  <u>Paralegal Tasks at Attorney Rates, Excessive and Block Billing</u>

In addition to reducing the requested hourly rates, I find that the amount of attorney's fees requested must be reduced to account for tasks considered paralegal in nature but billed at full attorney rates. After a review of the records, a majority of these entries are blocked with other tasks - making it extremely difficult to parse out the time inappropriately billed to this matter. Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored in the Program. *See Broekelschen v. Sec'y of Health & Human Servs.,* 07-137V, 2008 WL 3903710 (Fed. Cl. Spec. Mstr. Dec 15, 2006). The Vaccine Program's Guidelines for Practice state, "[e]ach task should have its own line entry indicating the amount of time spent on that task."[5] Several tasks lumped together with one-time entry frustrates the court's ability to assess the reasonableness of the request and making it impossible to decipher the amount of time spent on each task.

Examples of entries that include both attorney and paralegal tasks include, but are not limited to, the following:

- January 28, 2019 (0.50 hrs.) "EWS re. review of file, prepared list of outstanding medical records";

- February 3, 2019 (1.0 hrs.) "EWS received signature pages for affidavits, prepared the same for filing. Prepared notice of filing additional medical records and affidavits, statement re. completion and motion for extension of time to file additional medical records.";

- February 23, 2019 (1.0 hrs.) "EWS prepared and filed Petitioner's Notice of Filing Medical Records from Hilltop Physical Therapy and updated medical records from OrthoVirginia (ECF Doc. 15); first reviewed file, designated exhibits and added footers";

- June 16, 2019 (0.10 hrs.) "EWS prepared and filed Notice of Filing CVS record (ECF Doc 22)";

- April 22, 2020 (2.50 hrs.) "EWS re. attempt to match invoices received from J.K. with her Excel sheet, lengthy process as the filed are very confusing but needed

---

[5] The Guidelines for Practice can be found at
http://www.cofc.uscourts.gov/sites/default/files/19.01.18%20Vaccine%20Guidelines.pdf.

5

to make an accurate and cleat settlement demand. Prepared and sent email to J.K. re. clarification and additional documents needed";

- December 14, 2020 (0.10 hrs) "EWS prepared and sent an e-mail to Dr. Lee with a link to a DropBox containing the requested documentation"; and

- May 3, 2021 (0.20 hrs.) "EWS prepared and filed a Notice of Filing Medical Records (ECF Doc. 48).

ECF No. 64 – 1 at 5, 7, 10, 15, 23 and 29.

Special Masters have previously reduced fees for work attributable to excessive and duplicative billing. *See Ericzon v. Sec'y of Health & Human Servs.,* No. 10-103V, 2016 WL 447770 (Fed. Cl. Spec. Mstr. Jan. 15, 2016) (reduced overall fee award by ten percent due to excessive and duplicative billing); *Raymo v. Sec'y of Health & Human Servs.,* No. 11-65V, 2016 WL 7212323 (Fed. Cl. Spec. Mstr. Nov. 2, 2016) (reduced overall fee award by 20 percent), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016). Here, Petitioner's counsel and paralegal billed excessive amounts of time on tasks simple asks, including the following:

- December 16, 2019 (1.0 hrs.) "EWS received and reviewed a Non-PDF order granting Respondent's Motion for Extension of Time; added new deadline to calendar; client communication."

- June 28, 2020 (4.0hrs) "Paralegal worked as team with EWS all day today from noon until 4 PM. We combed through all the invoices and payment materials together. Made a chart of what is missing. There are a lot of gaps in the information client orivded. Sometimes there is a visa payment, but not proof of what it was for, exactly. There are Rx costs claimed at CVS, and Visa payments that allegedly match these. But, these could have been for lipstick for the pet pig! We have been in touch with the client today";[6] and

- February 20. 2022 (6.0 hrs) "Paralegal re. prepare invoice, remove information protected by attorney-client privilege".

ECF No. 64-1 at 12, 16, 32

---

[6] This exact entry was billed by both Attorney Sharp and the paralegal for a total of eight hours billed.

In evaluating a motion for attorney's fees and costs, special masters "need not, and indeed should not, become green-eyeshade accountants.". *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 180 L.Ed.2d 45 (2011). As a line-by-line reduction is not possible, I will reduce the overall total of attorney fees by *ten percent*. This results in a reduction of **$4,435.83**.[7]

## ATTORNEY COSTS

Petitioner requests $452.18 in costs incurred by Attorney Sharp, $631.42 in costs incurred by Attorney Kilgore and $2,160.00 in attorney costs incurred by expert Neville Lee, PhD. ECF No. 64 at 1-2. I find the costs incurred by Attorney Sharp and Dr. Lee to be reasonable and shall award them in full. The costs incurred by Attorney Kilgore need to be addressed, however.

Attorney Kilgore's costs include requests for medical records and filing fees for Fredericksburg Circuit Court. ECF No. 64-5 at 1. Under the Vaccine Program, reasonable attorneys' fees and costs are limited to those "incurred in any proceeding on [a] petition." § 15(e)(1); *see also Krause v. Sec'y of Health & Human Servs.*, No. 01-93V, 2012 WL 4477431, at *6 (Fed. Cl. Spec. Mstr. June 20, 2012). "[R]esearch conducted to explore petitioner's civil remedies . . . are not tasks related to the proceedings on this vaccine claim," and thus, should not be compensated. *Krause*, 2012 WL 4477431, at *6. This amount is considered non-compensable as it was part of a possible civil action and shall be deducted accordingly. Attorney Kilgore shall be awarded costs in the amount of **$275.64**.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **Accordingly, Petitioner is awarded the total amount of $46,944.27,[8] as follows:**

- **A lump sum of $40,374.63, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and Petitioner's counsel, Elaine Whitfield Sharp;**

---

[7] This amount is calculated from the reduced total of attorney fees. $44,358.28 x 0.10 = $4,435.83

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

7

- **A lump sum of $4,409.64, representing reimbursement for attorney's fees and costs, in the form of a check payable to Petitioner's prior counsel, Leila Kilgore; and**

- **A lump sum of $2,160.00 representing reimbursement of expert fees incurred, in the form of a check payable to Neville Lee, PhD.**

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[9]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.